IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                              Case No.: 3:16-mj-00049

**CRAIG JASON HUNDLEY**

### MEMORANDUM OPINION AND ORDER

Pending is Defendant's *Ex Parte* Motion for Issuance of Rule 17(c) Subpoena, (ECF No. 16). Defendant asks the Court to issue one subpoena for various materials and information to be produced to Defendant prior to trial. For the following reasons, the Court **DENIES** the motion, without prejudice.

Federal Rule of Criminal Procedure 17(c)(1) authorizes a party to subpoena a witness to produce books, papers, documents, data, and other objects. According to the Rule, "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1). In this case, Defendant asks the Court to issue a subpoena for certain records and documents, to have the records and documents delivered to the Clerk of Court, and immediately upon delivery, to have the materials provided to the Federal Public Defender's Office ***without*** any copies being supplied to the Government, the United States Probation Office, or to any other party to the action. Defendant explains in his

1

motion the reasons that the materials are relevant and necessary, and the grounds for admission of the materials into evidence. Moreover, the particular records and data requested by Defendant are reasonably specific with a few minor exceptions. Defendant contends that the documents are not procurable in advance of trial by exercise of due diligence given the nature and custodian of the documents. Defendant argues persuasively that the subpoenas are not sought as a means of additional discovery, as a fishing expedition, or in an effort to displace Rule 16. Consequently, Defendant has made an adequate showing of the requisite elements set forth in *United States v. Nixon* to justify pre-trial document production. 418 U.S. 683, 699-700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Nevertheless, Defendant offers no reason for an *ex parte* approach. Unless the defendant "is justified in proceeding in this extraordinary manner ... examination of the merits of his motion[] is not warranted until and unless he makes his request after serving the United States with his motion[] and after the United States has had a fair opportunity to respond." *United States v. Bennett,* 2:13-cr-00320, 2014 WL 801042, at *2 (S.D.W.Va. Feb. 28, 2014). In this circuit, *ex parte* subpoenas seeking pre-trial document production under Rule 17(c) have generally been warranted only in "exceptional circumstances." *United States v. Beckford,* 964 F.Supp. 1010, 1030 (E.D. Va. 1997). The burden to meet this high standard rests on the party seeking *ex parte* pre-trial document production. *Id.* Defendant's failure to provide any basis for proceeding *ex parte* is fatal to his motion.

Wherefore, for the forgoing reasons, the Court **DENIES** Defendant's motion, without prejudice. Defendant is free to re-file his motion in an effort to meet the standard set forth in *United States v Bennett, supra*, or file an alternate motion with the Court. *See*

2

*United States v. Bran,* No. 3:12-cr-131-01, 2013 WL 1193338, at * 3 (E.D. Va. Mar. 22, 2013).

The Clerk is instructed to provide a copy of this Order to Defendant and to Defendant's counsel.

**ENTERED:** June 9, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge